IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-10-336 |
| | * | |
| KIMMER BAKER | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Kimmer Baker is a federal prisoner who is serving a 160-month sentence for drug trafficking offenses not involving firearms. Now pending is Baker's motion for a reduced sentence pursuant to Section 404 of the First Step Act. (ECF 1048). The government opposes the motion, (ECF 1055), and Baker has replied, (ECF 1064). For the reasons explained below, the motion will be denied.

**BACKGROUND**

On June 16, 2010, Baker was one of 22 defendants charged in an indictment arising from a drug trafficking conspiracy in the Gilmor Homes Housing Projects in Baltimore, Maryland. (*See* ECF 2 (Indictment)). On December 15, 2010, Baker was charged in three counts of the 24-count Superseding Indictment with conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, 5 kilograms or more of cocaine, and a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 and 860 (Count One), as well as individual sales of small amounts of crack cocaine on two different dates (Counts Thirteen and Fourteen). (*See* ECF 345 (Superseding Indictment)).

Baker pled guilty to Count One, and Counts Thirteen and Fourteen were dismissed upon motion of the government. (*See* ECF 777 (Judgment)). Count One carried a base offense level of

32, and a two-level increase applied because the drug distribution involved a "protected location" within the meaning of U.S.S.G. § 2D1.2. (Presentence Report ("PSR") ¶¶ 13–14, ECF 1070). Baker also qualified as a career offender under U.S.S.G. § 4B1.1 due to several prior convictions for distribution of controlled substances. (*Id.* ¶ 23). After a three-level decrease for acceptance of responsibility, Baker's final offense level was 31. (*Id.* ¶¶ 24–25). Baker was in criminal history category VI, and his resulting guidelines range was 188–235 months' imprisonment. (*Id.* ¶ 66). At the sentencing hearing, however, the government recommended a below-guidelines sentence of 160 months based in part on Baker's role in the conspiracy, which the government described as being "one of the street salespeople," and "not a leader or an organizer." (Sent'g Tr. at 8:5–23, 9:14–10:8, ECF 811). On February 28, 2012, the court imposed a sentence of 160 months' imprisonment on Count One, followed by an eight-year term of supervised release. (ECF 777). Baker's projected release date is in January 2022.

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-291, 132 Stat. 5194 (2018). The First Step Act provides, *inter alia*, for broader application of the Fair Sentencing Act of 2010, a law aimed at reducing sentencing disparities between crack and powder cocaine offenses. *See United States v. Wirsing*, 943 F.3d 175, 178 (4th Cir. 2019) (citing Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010)). Pursuant to § 404 of the First Step Act, a sentencing court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." *Id.* § 404(b), 132 Stat. at 5222 (citation omitted). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222 (citation omitted). Section 404(c), however, provides that "[n]o court shall entertain" a

Section 404 motion if the sentence "was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the [2010 Fair Sentencing Act]." *Id*. § 404(c), 132 Stat. at 5222 (citation omitted).

On April 23, 2020, Baker filed the instant motion for imposition of a reduced sentence. He argues that because he was convicted of a pre-August 3, 2010, "covered offense," he is eligible for First Step Act relief. The government does not appear to contest that Baker was convicted of a "covered offense," but does argue that Baker is nonetheless ineligible for relief because he was sentenced "in accordance with" the Fair Sentencing Act amendments. The government also argues that the 18 U.S.C. § 3553(a) factors weigh against relief.

## ANALYSIS

The disagreement over whether Baker is eligible for First Step Act relief stems from the timeline of this case. It is undisputed that Baker committed the offense conduct before the enactment of the Fair Sentencing Act on August 3, 2010. (*See* PSR ¶ 1 ("[T]he offense occurred from in or about January 2009, and continuing through in or about June 2010[.]")). It is also undisputed that Baker was sentenced after the enactment of the Fair Sentencing Act. At issue here is whether Baker's sentence "was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the [2010 Fair Sentencing Act]." First Step Act § 404(c), 132 Stat. at 5222 (citation omitted). If it was, he is ineligible for relief.

Baker pled guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, 5 kilograms or more of cocaine, and a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 and 860. At the time Baker committed this crime, 21 U.S.C. § 841(b)(1)(A)(iii) prescribed a mandatory minimum of ten years' imprisonment and maximum of life imprisonment for a count of conviction involving 50 grams

3

or more of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (effective through Aug. 2, 2010); *see also United States v. Gravatt*, 953 F.3d 258, 261 (4th Cir. 2020). After the enactment of the Fair Sentencing Act on August 3, 2010, however, the statutory penalties changed: the ten-year mandatory minimum was triggered by 280 grams of crack rather than 50. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (effective from August 3, 2010 to December 20, 2018).

Clearly, then, Baker committed a "covered offense" within the meaning of Section 404(a). But the record is less clear about whether Baker was sentenced in accordance with the Fair Sentencing Act amendments, which would make him ineligible for relief under Section 404(c). The PSR noted that "[t]he Government contends that the amount of drugs that was reasonably foreseeable to the Defendant and distributed in furtherance of the conspiracy was at least 280 grams but less than 840 grams of cocaine base," (PSR ¶ 8), and calculated Baker's base offense level using the 280- to 840-gram range, (*id*. ¶ 13). As explained above, the post-Fair Sentencing Act penalty for convictions involving 280 grams or more of cocaine base was a ten-year mandatory minimum. But an exchange between the court, defense counsel, and the government at Baker's sentencing hearing suggests that the Baker may have been found responsible for only 100 grams. (*See* Sent'g Tr. at 12:5–21, 16:11–14). If Baker was responsible for 100 grams, not 280, a five- rather than ten-year mandatory minimum would have applied. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (effective from August 3, 2010 to December 20, 2018). The court, however, did not make any definitive findings on the quantity, perhaps because whether the five- or ten-year mandatory minimum applied was largely irrelevant to the ultimate sentence imposed: Baker's guidelines range was driven by his status as a career offender, and the court departed below to impose a sentence of 160 months. (ECF 777 (Judgment), 778 (Statement of Reasons)).

Nevertheless, the court finds there is enough uncertainty in the record regarding whether

4

Baker was sentenced in accordance with the Fair Sentencing Act to err on the side of finding eligibility for First Step Act relief. *Cf. United States v. Rose*, 379 F. Supp. 3d 223, 229 (S.D.N.Y. 2019) ("Both the Fair Sentencing Act and the First Step Act have the remedial purpose of mitigating the unfairness created by the crack-to-powder cocaine ratio, and the statutes should be construed in favor of broader coverage.").

Eligibility for First Step Act relief, however, does not guarantee relief. In determining whether to exercise its discretion to impose a reduced sentence, the court considers the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020); *see also United States v. Watts,* No. CR PJM 06-036-1, 2020 WL 586811, at *3 (D. Md. Feb. 6, 2020) (collecting cases). With respect to Baker's history and characteristics, the court notes that Baker has a lengthy history of drug distribution convictions, (PSR ¶¶ 28–50), and regardless of whether Baker was responsible for 100 or 280 grams of crack, this is a significant quantity and represents a serious offense. In imposing a sentence of 160 months, which was below Baker's guideline range, the sentencing court found that this was the sentence that adequately reflected the seriousness of the offense, promoted respect for the law, provided just punishment for the offense, afforded adequate deterrence, and protected the public. (ECF 778 (Statement of Reasons)). The court believes that 160 months remains the appropriate sentence in this case.[1] Finally, while the court acknowledges Baker's concerns about the spread of COVID-19 in Bureau of Prisons facilities, he has not demonstrated that he suffers from any underlying conditions that make him particularly vulnerable to serious illness related to COVID-19. Accordingly, the court does not find that the § 3553(a) factors weigh in favor of First Step Act relief.

---

[1] While the court appreciates that much of Baker's post-sentencing conduct at the Bureau of Prisons appears positive, (*see* ECF 1048-2, 1048-3), he has obtained two nontrivial disciplinary infractions: one in 2015 for possessing a homemade weapon in his cell, and another in 2019 for possessing a small amount of marijuana, (ECF 1048-1).

5

**CONCLUSION**

For the foregoing reasons, Baker's First Step Act motion for imposition of a reduced sentence (ECF 1048) will be denied. A separate order follows.


 7/28/20                                                      /S/                       
Date                                                Catherine C. Blake
                                                    United States District Judge